# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY E. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-1492 CAS |
| | ) | |
| PAUL K. DELO, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's February 5, 2014 correspondence with the Court in which he states that his "Motion to Reopen" pursuant to Federal Rule of Civil Procedure 60(b) was incorrectly labeled by the Clerk's Office as a writ of mandamus and assigned a new case number. See Doc. 3. It appears that petitioner would like this Court to administratively close this case and transfer petitioner's Rule 60(b)(6) motion to his underlying habeas corpus action. See Boyd v. Delo, 4:91-CV-1428 ERW (E.D.Mo.). As more fully set forth below, the Court will grant petitioner's request, in part.

### Background

On July 30, 2013, petitioner filed a "Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6)." Although the motion bore the cause number of petitioner's former habeas corpus action, the Clerk's Office opened the motion as an independent Rule 60(b) action and assigned it a new cause number. On September 27, 2013, petitioner filed a letter with the Court asking about the status of his case, and he noted that his Rule 60(b) motion had been assigned a new case number. However, petitioner did not object to such a filing. It was not until petitioner's most recent correspondence, on February 5, 2014, that petitioner asserted that his Rule 60(b) motion was mistakenly filed as a new action and that the Court should consider his motion under Rule 60(b)(6)

in his underlying 1991 habeas case. The Court agrees, and therefore, the Clerk will be ordered to administratively close this action.

The Court will not, however, simply transfer petitioner's motion to the underlying habeas case. Rather, a review of petitioner's motion finds that the instant motion should be denied, without prejudice, and his request for relief under Rule 60 should be amended in accordance with the instructions set out below.

**Discussion**

The specific reasons for which a court may relieve a party from a final judgment are listed in Rule 60(b)(1)-(5). Subparagraph (6) provides that the court may take such action for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). Petitioner asserts that the decision of the United States Supreme Court in Martinez v. Ryan, 132 S.Ct. 1309 (2012), qualifies as "any other reason" justifying relief from the earlier judgment.

In Martinez, the Court held that ineffective assistance of post-conviction counsel may constitute "cause" necessary to excuse a procedural default. 132 S.Ct. at 1311. In light of the Martinez decision, petitioner argues that this Court should reconsider its previous ruling rejecting certain of his claims of ineffective assistance of counsel. In his motion before the Court, petitioner asserts that his case should be reopened for reconsideration of a previous procedural default ruling on "grounds 3, 5 and 7-10 of his prior habeas corpus claims."

However, petitioner has failed to fully identify each of the claims for which he is seeking relief under Rule 60 (by argument, and not just by number), such that the Court can more readily discern which of his claims are perhaps second or successive claims, pursuant to 28 U.S.C. § 2244(b)(1), and were fully addressed by this Court or another court in a prior ruling.[1]

---

[1] Petitioner glosses over this "gatekeeping requirement" in his motion before the Court. But a court must ensure that the requirements under § 2244(b)(1) are satisfied prior to undertaking any analysis under Rule 60. See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005); Ward v. Norris,

2

Petitioner will be granted sixty (60) days to amend his Motion for Relief from Judgment under Rule 60(b). In his amended motion under Rule 60, which should be filed in his prior habeas corpus action, petitioner must identify each and every claim he wishes to pursue before this Court under Rule 60, and he should identify whether said claim was addressed in his direct appeal, post-conviction relief motions/appeals, prior habeas review and/or appellate review of his federal habeas corpus petition. Petitioner should do this for each and every claim he wishes to bring before this Court in his amended Rule 60 motion, and the claims and their arguments supporting each claim should be separated for ease of reference by the Court. In this way, the Court will be able to ascertain which, if any, of petitioner's claims are barred as second or successive claims under § 2244. In addition to the aforementioned, petitioner should also address, **for each separate claim**, his arguments regarding "the substantial showing of a denial of constitutional right" as required by Martinez, 132 S.Ct. at 1318.

Last, petitioner must address in his amended motion, with proper evidentiary support, if necessary, whether there are "extraordinary circumstances" at work in the present case, to justify the reopening of his final judgment denying habeas corpus relief. See Gonzalez, 545 U.S. at 535.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's February 5, 2014 correspondence to this Court, which this Court construes as a motion to administratively close this case and transfer petitioner's "Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6)" to the underlying habeas corpus case, is **GRANTED in part**. [Doc. 3]

**IT IS FURTHER ORDERED** that petitioner's "Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6)" is **DENIED without prejudice** subject to refiling an

---

577 F.3d 925, 932 (8th Cir. 2009).

amended petition in petitioner's underlying habeas corpus action, Boyd v. Delo, No. 4:91-CV-1428 ERW (E.D. Mo.). [Doc. 1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case and shall file a copy of this Memorandum and Order in petitioner's underlying habeas corpus action, Boyd v. Delo, No. 4:91-CV-1428 ERW (E.D. Mo.).

**IT IS FURTHER ORDERED** that petitioner shall file an amended Motion for Relief from Judgment Pursuant to Rule 60(b) in Boyd v. Delo, 4:91-CV-1428 ERW (E.D.Mo.), within **sixty (60) days of the date of this Memorandum and Order** pursuant to the instructions set forth above.

                                            /s/ Charles A. Shaw

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of February, 2014.